# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE
### Assigned on Briefs February 4, 2004

## STATE OF TENNESSEE  v.  WILLIAM PARKER, JR.

**Direct Appeal from the Circuit Court for Warren County**
**No. M-7661     Larry B. Stanley, Jr., Judge**

───────────────

**No. M2003-01423-CCA-R3-CD - Filed August 19, 2004**

───────────────

THOMAS T. WOODALL, J., dissenting.

I respectfully dissent from that portion of the majority opinion which finds reversible error in this case due to the erroneous admission into evidence of Mr. Birdwell's affidavit. While I agree that admission of the affidavit was error, under the particularly unique facts of this case, I conclude that it is harmless error.

It was not necessary for the State to prove beyond a reasonable doubt that Defendant *knowingly* drove on a revoked license. The following excerpts from the examination of Defendant, both direct and cross, persuades me that sufficient evidence was admitted through Defendant's testimony that his license was revoked at the time of his arrest, although he testified that he *thought* that he was only on a "no driver's license" status.

| | |
|---|---|
| [Defense counsel]: | [Officer Jenkins] says that you cooperated.  Did you do that? |
| [Defendant]: | Yes, sir.  I did cooperate. |
| [Defense counsel]: | Did you produce a driver's license at that time? |
| [Defendant]: | I did and he says it showed "for identification only."  The driver's license I had was a restricted driver's license.  It should have, like I said, the only thing I was guilty [of] was not going and getting them back, the time had already elapsed.  I could have gotten them back probably a good month, two months prior to that.  I did not realize I was driving.  I thought that it just went to no driver's license. |

* * * *

[Defense counsel]: **Had you known that you had been on a revoked status** or had not had that temporary driver's license, would you have driven that night?

[Defendant]: No, sir. I would not have.

* * * *

[Defense counsel]: Do you think if that tape was available, that it would show what you did that night?

[Defendant]: I think if the tape was available it would solve this whole case, I mean, as far as the DUI. It would definitely show that I was not under the influence.

[Defense counsel]: You could still make a good argument about the license though, you realize that?

[Defendant]: **Yes, sir. That one is my fault. The license one, I admit. I just did not know that it stayed that status. I thought it was just a no driver's license.** Honest to goodness, I could have went and got them back. I mean, I could have got them back months, I know I've said this repeatedly, but it's so important. I could have got the license back, but I just procrastinated and did not go get them.

* * * *

[Defense counsel]: **Did you know that you were still on revoked status, or supposedly were on revoked?**

[Defendant]: **No. At that time I thought it was no driver's license. That's what I thought, I was on no driver's license.**

[Defense counsel]: Did you have any intentions of driving on a revoked license?

[Defendant]: Never had intentions. I've never driven on a revoked license. When I had restrictions I did what I was supposed to. I never had intentions to drive on a revoked license.

On cross-examination, Defendant testified as follows:

[Prosecutor]: **But I thought you told Mr. Smith that you knew you were driving on no driver's license, but didn't realize it was revoked?**

[Defendant]: **That's exactly what I'm saying. That's what I've said numerous times here.** I thought I was driving on no driver's license. At the time I got pulled over, I thought I was on no driver's license.

[Prosecutor]: When was your license revoked?

[Defendant]: I'm not sure, sir.

[Prosecutor]: You don't recall?

[Defendant]: No, sir. I do not.

[Emphasis added].

As noted above, Defendant admitted "the license one," and he just did not know that it "stayed that status." He *thought* it was "just a no driver's license."

I would affirm the conviction.

_____
THOMAS T. WOODALL, JUDGE